UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HARRIS,

          Plaintiff,

v.

TABITHA MARIE MARSH, et al.,

          Defendants.

_____/

Case No. 2:21-cv-12107

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DISMISSING THE CASE**

Plaintiff—currently incarcerated in the Genesee County Jail in Flint, Michigan—filed a pro se complaint that alleged four individuals involved in a prosecution against him in state court violated Plaintiff's constitutional rights. ECF 1. The same day Plaintiff filed the pro se complaint, Plaintiff also applied to proceed in forma pauperis. ECF 2.

As a preliminary matter, a complaint is not considered filed until "in forma pauperis status is granted or the appropriate filing fee is paid." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). The Court must therefore address Plaintiff's application to proceed in forma pauperis before turning to the merits of the case.

To proceed in forma pauperis, a plaintiff must "submit[] an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A prisoner must also "submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.

1

§ 1915(a)(2). Plaintiff's initial application to proceed in forma pauperis did not contain a certified copy of a savings account signed by an appropriate jail official. ECF 2. The Court therefore ordered Plaintiff to submit the required documentation. *See* ECF 4.

Plaintiff timely submitted a certified copy of his inmate savings account signed by a Genesee County Jail official. ECF 5. The documents show that Plaintiff owes more than $200 to the Jail. *Id.* at 25. Plaintiff's debt demonstrates that he cannot pay the filing fee. The Court will therefore grant Plaintiff's application to proceed in forma pauperis. ECF 2; 28 U.S.C. § 1915(a).

Because the Court has now granted Plaintiff in forma pauperis status, the Court must review the complaint under § 1915(e). Under the statute, the Court must dismiss the case if the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(ii)–(iii). Plaintiff's complaint fails to state a claim upon which the Court may grant relief and seeks monetary relief against Defendants who are immune from such relief. The Court will therefore dismiss the case.

## BACKGROUND

Plaintiff's complaint stems from a criminal proceeding against him in state court. ECF 1. Plaintiff wants the Court to dismiss the state court criminal proceeding against him with prejudice, require an "apology from all who [were] involved face to face," and grant Plaintiff $6,000,302 in damages. *Id.* at 5–6.

Plaintiff sued the state court judge in the criminal proceeding against him, Tabitha M. Marsh. *Id.* at 5. Plaintiff also named three other individuals in the

2

complaint. *Id.* at 2–3. Although the complaint is unclear as to how the three individuals were involved in the criminal proceeding, the Court has inferred that two of the individuals were his defense attorneys in the matter, Jodi Lyn Hemingway and Mitchell Manwell, and the third was the prosecutor, David Leyton. The Court's inference is based upon Plaintiff claiming that Ms. Hemingway and Mr. Manwell violated Plaintiff's Sixth Amendment right to counsel, *id.* at 2–3, and a search that revealed Mr. Leyton is the Genesee County Prosecutor. Office of the Genesee County Prosecuting Attorney, *David Leyton, Prosecutor*, https://bit.ly/3oiKlhq [https://perma.cc/78TZ-C5B7].[1]

## LEGAL STANDARD

Courts should construe pro se complaints liberally and hold pro se plaintiffs to a less stringent standard than plaintiffs represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But when a court grants a plaintiff in forma pauperis status, the court may review the complaint under 28 U.S.C. § 1915(e) and dismiss the complaint if the action is frivolous, "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c).

To state a claim on which relief may be granted, a complaint must allege facts that raise a right to relief that is facially plausible and above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Courts do not presume

---

[1] The Court may take judicial notice of public records from reliable internet sources. *See Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (collecting cases).

3

the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss the case. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Although Plaintiff's complaint fails to allege a form of federal jurisdiction, the Court understands Plaintiff to allege a host of constitutional claims under the Sixth Amendment and Fourteenth Amendment, thus invoking federal question jurisdiction under 28 U.S.C. § 1331. *See generally* ECF 1. And because there is no private right of action under either the Sixth Amendment or the Fourteenth Amendment, the Court will liberally construe Plaintiff's complaint as an effort to bring the suit under § 1983. *See Morton v. State Bar of Ariz.*, No. 14-cv-1647, 2014 WL 4059710, at *2 (D. Ariz. Aug. 15, 2014) (collecting cases); *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 683 (6th Cir. 2018). To establish a successful claim under § 1983, plaintiffs must show that a person, acting under color of state law, deprived them of a right secured by the federal Constitution or federal law. *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citation omitted).

## DISCUSSION

The Court will address Plaintiff's claims in three parts: one that analyzes the claims against the two defense attorneys, one that analyzes the claims against Judge Marsh, and one that analyzes the claims against Mr. Leyton.

I.  Defendant Defense Attorneys Jodi Lyn Hemingway and Mitchell Manwell

Plaintiff sued the two defense attorneys for violating his Sixth Amendment Right to effective assistance of counsel and his Fourteenth Amendment Right to due process. ECF 1, PgID 2–5. The Court liberally construed Plaintiff to have brought the claims under § 1983. But Plaintiff failed to state a valid claim under § 1983 because the defense attorneys were not state actors and therefore did not act under color of state law.

Section 1983's "statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 929 (1982). In general, § 1983 does not govern the conduct of "private parties acting in their individual capacities," instead guarding against government infringement of constitutional rights. *Lindsey v. Detroit Ent., LLC*, 484 F.3d 824, 827 (6th Cir. 2007) (citation omitted). But courts find state action when the underlying conduct is "fairly attributable" to the State. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001). Three tests determine whether private conduct constitutes state action: "(1) the public function test, (2) the state compulsion test, and (3) the symbiotic relationship or nexus test." *Lindsey*, 484 F.3d at 828 (quotation omitted).

Plaintiff failed to allege sufficient facts to meet any of the tests, nor could he. *Mathews v. Bush*, No. 16-cv-10653, 2016 WL 4257149, at *3 (E.D. Mich. June 10, 2016), *report and recommendation adopted in part, rejected in part*, No. 16-cv-10653, 2016 WL 4205896 (E.D. Mich. Aug. 10, 2016) (citing *Polk Cty. v. Dodson*, 454 U.S.

312, 321 (1981)). Acting as a defense attorney during a criminal proceeding is the antithesis of state action. In such proceedings, the attorney's role is to counter state action, not be the means through which state action is carried out. Because the defense attorneys were not state actors, and thus did not act under color of state law for purposes of § 1983, the Court will dismiss them from the case for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c).

II. Defendant Judge Tabitha M. Marsh

Plaintiff alleged that Judge Marsh violated his due process rights under the Fourteenth Amendment and violated his contractual rights under a state court plea agreement. ECF 1, PgID 4–5. The Court liberally construed Plaintiff to have brought the constitutional claims under § 1983. Because Plaintiff sought both injunctive relief—dismissal of a state court criminal proceeding against him and an apology—and monetary relief, the Court will consider Plaintiff to have sued Judge Marsh in both Judge Marsh's official and individual capacities. ECF 1, PgID 5–6.

The monetary remedy must be sought in a suit against Judge Marsh in her individual capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that the Eleventh Amendment bars official capacity suits against a state official for monetary damages). But courts have long held "that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citations omitted). Here, the allegations against Judge Marsh center on actions Judge Marsh took in her

6

role as a judicial officer: accepting a plea agreement, denying a preliminary examination, and ruling on other pretrial or plea-bargaining disputes. ECF 1, PgID 5. Because all of the alleged conduct was within Judge Marsh's role as a judicial officer and Judge Marsh had jurisdiction to rule on each dispute, Judge Marsh is entitled to absolute immunity. *See Bush*, 38 F.3d at 847. The Court must therefore dismiss the claims against Judge Marsh in her individual capacity.

The injunctive remedy of dismissal of the state court criminal proceeding against Plaintiff must be sought in a suit against Judge Marsh in her official capacity. *See Will*, 491 U.S. at 71 n.10. Plaintiff did not clarify whether the criminal proceeding against him is completed or ongoing. *See generally* ECF 1. If the proceeding is completed, Plaintiff's claim is barred. When "[a] prisoner [] seeks a judgment declaring 'the fact or duration' of his sentence unconstitutional," the prisoner "must proceed under the habeas statutes, and cannot proceed under § 1983." *In re Campbell*, 874 F.3d 454, 461 (6th Cir. 2017) (quoting *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)). Simply put, "a judgment in a civil tort action lacks the authority to set aside a criminal conviction or its accompanying sentence." *Id.* (citing *Heck*, 512 U.S. at 486). Thus, if the criminal proceeding against Plaintiff is complete, the Court lacks the authority to set aside his conviction in a suit under § 1983. And that is precisely the relief that Plaintiff seeks. ECF 1, PgID 6.

If the state criminal proceeding against Plaintiff is ongoing, Plaintiff's claim for injunctive relief is still barred. Under the abstention doctrine, federal courts do not interfere with pending state criminal proceedings "except under extraordinary

7

circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). Courts will apply the abstention doctrine when there is "an ongoing state judicial proceeding; . . . the proceeding[] implicate[s] important state interests; and . . . there [is] an adequate opportunity in the state proceeding[] to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If Plaintiff has not yet been convicted, there is still an adequate opportunity for the state court to prevent an "irreparable loss" resulting from the alleged constitutional violations. The abstention doctrine therefore applies. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432; *Younger*, 401 U.S. at 45; *Hill v. Bevier*, No. 2:21-cv-12499, 2021 WL 5303928, at *2–3 (E.D. Mich. Nov. 15, 2021) (Murphy, J.) (citations omitted). Whether the criminal proceeding against Plaintiff is pending or completed, his claim for injunctive relief in the form of dismissal of the proceeding cannot go forward.

As to the request for injunctive relief in the form of an apology from Judge Marsh, Plaintiff has no right to one. Courts have found that there is no legal right to an apology. *Thompson v. Sholar*, No. 5:19-CV-P197, 2020 WL 1452365, at *3 (W.D. Ky. Mar. 25, 2020) (collecting cases). And federal courts lack the authority "to order a defendant to speak in a manner that may well contravene the beliefs the defendant holds." *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002). The Court therefore cannot grant Plaintiff the injunctive relief of a forced apology.

The Court cannot grant Plaintiff any of the monetary or injunctive relief that he sought in the claims against Judge Marsh. Because Judge Marsh is immune to the

8

monetary relief and because Plaintiff has failed to state a claim upon which injunctive relief can be granted, the Court must dismiss Judge Marsh from the case. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); 42 U.S.C. § 1997e(c).

### III. Defendant Prosecutor David Leyton

Plaintiff alleged that the county prosecutor, David Leyton, violated his rights to due process and equal protection under the Fourteenth Amendment. The Court liberally construed Plaintiff to have brought the constitutional claims under § 1983. Because Plaintiff sought both injunctive relief—dismissal of a state court criminal proceeding against him and an apology—and monetary relief, the Court will consider Plaintiff to have sued Mr. Leyton in both his official and individual capacities. ECF 1, PgID 5–6.

The monetary remedy must be sought in a suit against Mr. Leyton in his individual capacity. *See Will*, 491 U.S. at 71. Prosecutors enjoy absolute immunity from suit for monetary damages under § 1983 when their conduct is "intimately associated with the judicial phase of the criminal process," which entails the initiation of a prosecution and the presentation of the government's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). The immunity even "extends to suits based upon a prosecutor's failure to disclose exculpatory evidence to a defendant." *Hatchett v. City of Detroit*, 495 F. App'x 567, 571 (6th Cir. 2012) (citations omitted). Because Plaintiff's first claim against Mr. Leyton has to do with the initiation of Plaintiff's prosecution and the second claim has to do with the withholding of exculpatory evidence, Mr. Leyton is entitled to absolute immunity on both claims. ECF 1, PgID 5.

The injunctive remedy of dismissal of the state court criminal proceeding against Plaintiff must be sought in a suit against Mr. Leyton in his official capacity. *See Will*, 491 U.S. at 71 n.10. And for the same reasons that Plaintiff's request for dismissal of the state court proceeding failed in his claim against Judge Marsh, the request in his claim against Mr. Leyton also fails. Regardless of whether the criminal proceeding has concluded or is ongoing, Plaintiff cannot obtain injunctive relief in the form of dismissal of the proceeding in a suit against Mr. Leyton. *See In re Campbell*, 874 F.3d at 461 (citing *Heck*, 512 U.S. at 481, 486); *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432; *Younger*, 401 U.S. at 45; *Hill*, No. 21-cv-12499, 2021 WL 5303928, at *2–3.

And with respect to Plaintiff's request for an apology from Mr. Leyton, Plaintiff is not entitled to the relief for the same reasons that the Court stated Plaintiff is not entitled to the same relief from Judge Marsh. *Thompson*, No. 19-CV-P197, 2020 WL 1452365, at *3; *Woodruff*, 29 F. App'x at 346.

The Court cannot grant Plaintiff any of the monetary or injunctive relief that he sought in his claims against Mr. Leyton. Because Mr. Leyton is immune from monetary relief and because Plaintiff failed to state a claim upon which injunctive relief can be granted, the Court must dismiss Mr. Leyton from the case. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); 42 U.S.C. § 1997e(c).

## CONCLUSION

The Court has now dismissed all of Plaintiff's claims against all Defendants. This order is therefore a final order that closes the case. While the Court granted

Plaintiff leave to proceed in forma pauperis before the Court, the standard on appeal is different. *See* 28 U.S.C. § 1915. Because Plaintiff cannot take an appeal in good faith, the Court will deny Plaintiff leave to proceed in forma pauperis on appeal. *See* § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's application to proceed in forma pauperis [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is **DENIED** leave to proceed in forma pauperis on appeal.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 9, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager